Rory C. Leisinger (SBN 277476)
**LEISINGER LAW, LLP**
118 N. Citrus Ave, Suite B
Covina, CA 91723
Tel: (626) 290-2868
rory@leisingerlaw.com
*Attorneys for Plaintiff,*
LINDA WEIER

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA WEIER,<br><br>    Plaintiff,<br><br>  vs.<br><br>JH PORTFOLIO DEBT EQUITIES LLC, and CREDIT CONTROL, LLC; and DOES 1 through 10, inclusive,<br><br>    Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. **THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]; and**<br><br>2. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]** |

## **COMPLAINT FOR DAMAGES**
### I.     INTRODUCTION

1.     This is an action for damages brought by Plaintiff Linda Weier, an individual consumer, by and through her attorneys, Leisinger Law, LLP, for Defendants JH Portfolio Debt Equities LLC's and Credit Control, LLC's breach of contract and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter "FDCPA") and the California Rosenthal Fair Debt

Collection Practices Act, CAL. CIV. CODE § 1788 *et seq.* (hereafter "RFDCPA"). The FDCPA and RFDCPA prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II. JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 as Plaintiff's claims arise under the laws of the United States. Jurisdiction in this Court is also proper pursuant to 28 U.S.C. § 1367 as Plaintiff's RFDCPA claim is so related to Plaintiff's FDCPA claim that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (b)(3) because a substantial part of the events giving rise to the claim occurred in this judicial district, and Defendants are subject to this Court's personal jurisdiction with respect to this action as Defendants transact business here.

## III. PARTIES

4. Plaintiff Linda Weier is an individual, residing in Bishop, Inyo County, California 93514.

5. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person. Thus, Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA and a "debtor" as defined by CAL. CIV. CODE § 1788.2(h).

6. Defendant JH Portfolio Debt Equities LLC is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 5230 Las Virgenes Rd Ste 118, Calabasas, CA 91302. The principal purpose of Defendant is the collection of debts using

the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant Credit Control, LLC is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 5757 Phantom Drive Ste 330, Hazelwood, MO 63042. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

8. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and the RFDCPA, Cal. Civ. Code § 1788.2(c).

9. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## IV.   FACTUAL ALLEGATIONS

10. Within one year prior to the filing of this action, Defendants JH Portfolio Debt Equities LLC ("JHPDE") and Credit Control, LLC ("CC") attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to JHPDE.

11. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of FDCPA, 15 U.S.C. § 1692a(5) and which qualifies as "consumer debt," as defined by RFDCPA, Cal. Civ. Code § 1788.2(f) ("alleged debt").

12. JHPDE, through its agent Bifulco and Associates, P.C., sent Plaintiff a settlement letter dated September 15, 2014.

13. In this letter, JHPDE stated that Plaintiff owed a debt of $1,731.81, and JHPDE offered a $692.72 settlement on the account, to be made in four consecutive monthly payments of $173.18 each. The first payment was due on or before September 23, 2014, with the final payment being due on or before December 31, 2014.

14. Plaintiff made all of the required timely monthly payments, and the debt was settled and paid in full.

15. Thereafter, Defendant CC sent Plaintiff a dunning letter on or about March 2, 2016, which stated that Plaintiff still owed JHPDE $1,039.09.

16. Upon information and belief, JHPDE fraudulently assigned Plaintiff's already-settled and fully paid account to CC in order to continuing to collecting on it.

17. JHPDE knew that its misrepresentations in its agent CC's dunning letter to Plaintiff were false.

18. JHPDE intended that Plaintiff rely on its misrepresentations to pay a previously settled and fully paid, non-existing debt.

19. CC's dunning letter informing Plaintiff she still owed JHPDE a debt, which Plaintiff believed to be true, caused Plaintiff emotional and mental distress and anguish.

20. Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

21. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

22. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

23. As a result of Defendants' conduct, Plaintiff has sustained actual damages including, but not limited to, emotional and mental pain and anguish.

## V.  FIRST CAUSE OF ACTION
### (Breach of Contract)

24. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 23 herein.

25. Defendant JHPDE acknowledged in writing that it had agreed to a settlement with Plaintiff, in consideration of monthly payments which Plaintiff would be required to make.

26. Plaintiff made all of the required timely monthly payments in accordance with the agreement, and the account was settled and paid in full.

27. JHPDE reneging on its settlement agreement with Plaintiff constitutes a breach of contract.

28. As a result, Plaintiff has suffered monetary damages.

## VI.  SECOND CAUSE OF ACTION
### (Common Law Fraud)

29. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 28 herein.

30. JHPDE fraudulently assigned Plaintiff's already-settled and fully paid account to CC in order to continue collecting on it.

31. JHPDE knew that its misrepresentations in its agent CC's dunning letter to Plaintiff were false.

32. JHPDE intended that Plaintiff rely on its misrepresentations to pay a previously settled and fully paid, non-existing debt.

33. As a result, Plaintiff has suffered actual and monetary damages.

## VII.     THIRD CAUSE OF ACTION
### (Violation of the FDCPA, 15 U.S.C. § 1692 *et seq.*)

34. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 33 herein.

35. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

36. Defendant violated provisions of the FDCPA, including, but not limited to, the following:

    a. The FDCPA 15 U.S.C. § 1692e(2) prohibits the false representation of the character, amount, or legal status of any debt. FDCPA § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

    b. Defendant JHPDE violated § 1692e(10) by falsely and deceptively inducing Plaintiff to enter into a settlement agreement which it intended to breach and did breach.

    c. Both Defendants are liable under § 1692e(2) for misrepresenting the amount of Plaintiff's debt, which in fact was $0.00, and under § 1692e(10) for stating that Plaintiff owed a debt, when no such debt existed.

37. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages which can be up to $1,000.00, attorney's fees and costs.

## VIII.  FOURTH CAUSE OF ACTION

### (Violation of the RFDCPA, CAL. CIV. CODE § 1788 *et seq.*)

38.  Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 37 herein.

39.  California Civil Code § 1788.17 states the following: "Every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

40.  Defendant violated California Civil Code § 1788.17 by violating 15 U.S.C. §§ 1692e(2) and 1692e(10) of the FDCPA.

41.  As a result of the above violations of the Rosenthal Fair Debt Collection Practices Act, Defendant is liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney's fees and costs.

## IX.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment in the sum of $10,000.00 be entered against Defendants as follows:

A. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and CAL. CIV. CODE § 1788.30(a);

B. That judgment be entered against Defendants for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and CAL. CIV. CODE § 1788.30(b);

C. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and CAL. CIV. CODE § 1788.30(c);

D. That the Court award Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

E.  That the Court grant such other and further relief as the Court may deem as just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,
**LEISINGER LAW, LLP**

Dated:  April 15, 2016          By: */s/ Rory C. Leisinger*
                                Rory C. Leisinger (SBN 277476)
                                118 N. Citrus Ave, Suite B
                                Covina, CA 91723
                                Tel: (626) 290-2868
                                rory@leisingerlaw.com
                                *Attorneys for Plaintiff,*
                                *Linda Weier*